Gayla **CASEY**, Barbara Sheldon, Vickie Barnett, Victor K. Jones, Robert Owen, Tommy J. Sparks, and all other employees similarly situated in the Empact department, Appellants,

v.

**SHAWNEE MEDICAL CENTER,**
now Shawnee Regional
Hospital, Appellee.

No. 85124.

Court of Appeals of Oklahoma,
Division No. 4.

Aug. 6, 1996.

Certiorari Denied Oct. 16, 1996.

David J. Batton, Norman, for Appellants.

George M. Emerson, Melvin C. Hall, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Oklahoma City, for Appellee.

REIF, Judge.

Plaintiffs, current or former employees of defendant Shawnee Medical Center, appeal the trial court's dismissal of their action seeking back pay pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §§ 201 through 219 (West 1965 and Supp.1996).

The essential facts are that Hospital paid its ambulance service paramedics, including Employees, at a regular rate for the first 106 hours worked in a two-week period. In 1993, Hospital learned from its attorneys that this method of payment appeared to violate the FLSA. On August 8, 1993, Hospital changed its payment method and began paying overtime to Employees working more than 40 hours per week. In April 1994, the Department of Labor notified Hospital that its previous method of computing wages did in fact violate the FLSA.

At that time, Hospital agreed to pay to its paramedics overtime accumulated over the preceding two years, from the workweek ending April 4, 1992, to August 7, 1993 (when Hospital switched to the lawful payment method). Employees each signed a release printed on a U.S. Department of Labor form stating:

> I, [name of Employee], hereby acknowledge receipt of payment in full from Shawnee Regional Hospital for the period beginning with the workweek ending 4/19/92 through the workweek ending 8/07/93 of unpaid wages due me....

The release included the following language:

> *NOTICE TO EMPLOYEE.*—Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs. Generally, a 2–year statute of limitations applies to the recovery of back wages. Do not sign this report unless you have actually received payment of the back wages due.

Employees subsequently filed their petition, seeking damages for unpaid overtime owed them due to Hospital's violation of the FLSA. Employees sought five years' worth of overtime from a date to be determined, minus the amounts received in the settlements with Hospital.

Both sides moved for summary judgment, which the trial court denied. After a jury was selected and Employees presented their evidence, Hospital demurred. The trial

court sustained the demurrer, finding Employees' claims were barred "because of the releases/receipts being signed by each Plaintiff, pursuant to 29 U.S.C. § 216(c)." The trial court subsequently awarded Hospital $15,000 in attorney fees.

■ We hold that the trial court erred in granting the demurrer on the basis of the releases. The releases clearly state they cover only a period of time beginning with the workweek of April 19, 1992. They also state that acceptance of back wages due under the FLSA means the employee gives up the right to sue for *such* back wages. This language clearly refers to the amounts covered by the time period set out in the releases. Though it is true that section 216(c) of the FLSA speaks of acceptance of a settlement as a waiver of the right to sue, the statute couches the acceptance in terms of "such unpaid minimum wages or unpaid overtime compensation." By their terms, the releases cover only a specified period. As to amounts owed before that period, the releases are not applicable.

■ Additionally, we note the FLSA's statute of limitations, found in section 255(a), states an action is barred unless commenced within two years after the cause of action arose; but if a cause of action arises out of a willful violation, it may be commenced within three years after the cause arose. If releases under section 216(c) bar earlier claims, an employee could never recover an additional year's worth of base pay in cases of willful violations. This would defeat Congress' decision to allow the additional year of compensation. It is well settled that an appellate court will not assume the Legislature has done a vain or useless act; rather, we will interpret legislation to give effect to every word and sentence rather than rendering some provisions nugatory. *Globe Life and Accident Ins. Co. v. Oklahoma Tax Comm'n,* 913 P.2d 1322 (Okla.1996). We therefore conclude that the releases only cover monies owed Employees beginning the workweek of April 19, 1992.

How far back Employees can go to collect unpaid overtime is determined by the "tolling" of the statute of limitations under section 255(a) by Hospital's failure to follow a federal regulation requiring the posting of a notice concerning the FLSA. The parties do not dispute the trial court's finding that this tolling period ended when Hospital posted the sign in August 1993. Taking into account the applicable statute of limitations, Employees can recover for back wages owed them only for the two years preceding August 1993, unless they present evidence of willfulness. If so, their potential recovery is extended a year further to August 1990.

On retrial, if evidence of willfulness is presented, the jury has the option of awarding Employees back pay for the period August 1990 through April 19, 1992. In the absence of willfulness, the jury may choose to award Employees back pay only for the period August 1991 through April 19, 1992.

In view of our holdings on the merits, the award of attorney fees must also be reversed.

REVERSED AND REMANDED WITH INSTRUCTIONS.

TAYLOR, P.J., and RAPP, C.J., concur.